UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KURTIS JAMES VANDERMOLEN,

                Petitioner,                    Case No. 1:24-cv-1323

v.                                    Honorable Robert J. Jonker

GAYLE HORN,

                Respondent.
_____/

## OPINION

On December 17, 2024, Petitioner Kurtis James VanderMolen filed this habeas corpus action pursuant to 28 U.S.C. § 2241. (§ 2241 Pet., ECF No. 1.) A court must promptly order an answer or grant the writ under § 2241, "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. After undertaking the review required by § 2243, the Court concludes that the petition is properly dismissed as moot.

## Discussion

On December 15, 2022, Petitioner appeared before the undersigned and pleaded guilty, pursuant to a written plea agreement, to one count of bank fraud, in violation of 18 U.S.C. § 1344(2), and one count of money laundering, in violation of 18 U.S.C. § 1957. *See* Plea Agreement, *United States v. VanderMolen*, No. 1:22-cr-171 (W.D. Mich.) (ECF No. 3). On June 5, 2023, the Court sentenced Petitioner to 30 months' incarceration, to be followed by 3 years of supervised release. *See* J., *id.* (ECF No. 39).

When Petitioner initiated this § 2241 action on December 17, 2024, he was confined in the Community Alternatives Program, a halfway house in Grand Rapids, Michigan. (*See* § 2241 Pet.,

ECF No. 1, PageID.1.) In his § 2241 petition, Petitioner challenges the Bureau of Prisons (BOP)'s calculation of his sentence. (*Id.*, PageID.6.) According to Petitioner, the amount of credit that he should have received toward his sentence would have resulted in his release as of December 6, 2024. (*Id.*) Instead, he avers, the BOP falsely imprisoned him from December 6, 2024, through December 23, 2024, the date on which Petitioner indicates he was scheduled to be released. (*Id.*) Petitioner goes on to indicate that he was unable to file his § 2241 petition until December 17, 2024, because Respondent repeatedly would not give him a pass to travel to this Court until that date. (*Id.*) Petitioner seeks immediate release "by way of order granting writ of habeas corpus and any further relief the Court deems in this matter." (*Id.*, PageID.7.) According to the BOP's inmate locator, Petitioner was released from custody on December 23, 2024. *See* https://www.bop.gov/mobile/find_inmate/byname.jsp (enter "Kurtis" for "First Name," enter "VanderMolen" for "Last Name," then select "Search") (last visited Jan. 2, 2025).

Given Petitioner's release from custody, the Court must determine whether it still has jurisdiction over Petitioner's § 2241 petition. This Court lacks jurisdiction to consider any case that has "lost its character as a present, live controversy"; instead, any such case is rendered moot. *See Hall v. Beals*, 396 U.S. 45, 48 (1969). "Because the exercise of judicial power under Article III of the Constitution depends on the existence of a live case or controversy, mootness is a jurisdictional question." *Demis v. Sniezak*, 558 F.3d 508, 512 (6th Cir. 2009) (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)).

A prisoner's "challenge to the validity of his conviction [or sentence] always satisfies the case-or-controversy requirement, because the incarceration . . . constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction [or sentence]." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Once a prisoner's sentence has expired, however, "some concrete

2

and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Id.* "[I]t is not enough that a dispute was alive when [Petitioner's] habeas corpus petition was filed in [this Court]. [Petitioner] must continue to have an actual injury that is capable of being redressed by a favorable judicial decision." *Brock v. United States Dep't of Justice*, 256 F. App'x 748, 750 (6th Cir. 2007).

As noted above, Petitioner filed his § 2241 petition on December 17, 2024, less than a week before his scheduled release. At that time, Petitioner was still in custody, and, therefore, the Court had jurisdiction to consider Petitioner's request for release. However, Petitioner was released from custody on December 23, 2024, and is now serving his 3-year term of supervised release. As noted above, Petitioner challenges the execution of his sentence in his § 2241 petition, claiming that the BOP did not properly calculate credit that Petitioner was due under the First Step Act and that if he had received that credit, he would have been released as of December 6, 2024. Petitioner seeks release and any other relief that the Court deems appropriate.

In light of Petitioner's release, the Court cannot provide any further relief to Petitioner, and his § 2241 petition is moot. Even if Petitioner were entitled to the credit he asserts and earlier release as of December 6, 2024, the only potential consequence that exists following his release is the delayed start of his 3-year term of supervised release. However, "[t]he Supreme Court has made clear that excessive time served in prison does not automatically reduce a defendant's period of supervised release." *See United States v. Perotti*, 702 F. App'x 322, 324 (6th Cir. 2017) (citing *United States v. Johnson*, 529 U.S. 53, 60 (2000)); *see also Williams v. Sherman*, 214 F. App'x 264, 265 (3d Cir. 2007) (noting that "[a] delayed commencement of supervised release due to an alleged wrongful calculation of good-conduct time cannot be redressed by a favorable judicial decision"). Simply put, Petitioner's 3-year term of supervised release "cannot be reduced 'by

3

reason of any excess time [he may have] served in prison.'" *DeFoy v. McCullough*, 393 F.3d 439, 442 n.3 (3d Cir. 2005) (quoting *Johnson*, 529 U.S. at 60).

In light of the foregoing, Petitioner does not "continue to have an actual injury that is capable of being redressed by a favorable judicial decision." *Brock*, 256 F. App'x at 750. Accordingly, the Court lacks jurisdiction over Petitioner's § 2241 petition, and the petition will be dismissed as moot.

## <u>Conclusion</u>

The Court will enter a judgment dismissing the petition as moot. In § 2241 cases filed by federal detainees and prisoners; the Court need not address whether to grant a certificate of appealability. *Witham v. United States*, 355 F.3d 501 (6th Cir. 2004).

Dated:   January 6, 2025                         /s/ Robert J. Jonker
                                      Robert J. Jonker
                                      United States District Judge